**Eduardo Elises RODRIGUEZ–CAYO, Petitioner,**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

**No. 14–60831**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

Jaesa Woods McLin, Riguer Silva, L.L.C., Kenner, LA, for Petitioner.

Jane Tracey Schaffner, Tangerlia Cox, U.S. Department of Justice, Office of Im-

migration Litigation, Washington, DC, for Respondent.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Eduardo Elises Rodriguez–Cayo (Rodriguez), a native and citizen of Peru, petitions this court for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the Immigration Judge's (IJ) denial of Rodriguez's applications for withholding of removal and for protection under the Convention Against Torture (CAT).

Rodriguez argues that the BIA erred in determining that his membership in a group of affluent Peruvian businessmen who were distinguished professionals with education and extensive training did not establish that he was a member of a particular social group that is subject to persecution in Peru. In presenting his appeal to the BIA, Rodriguez did not exhaust his claim that he was a member of a particular social group made up of affluent, highly educated, or trained Peruvian businessmen. Therefore, we lack jurisdiction to review this claim based on those particular characteristics. See 8 U.S.C. § 1252(d)(1); Omari v. Holder, 562 F.3d 314, 319 (5th Cir.2009).

Rodriguez further argues that he is a member of a social group made up of young businessmen who are perceived as wealthy by the community and are targeted and persecuted by members of organized crime groups. Because the BIA

agreed with the IJ's determinations regarding Rodriguez's eligibility for relief, both the BIA's and IJ's decisions are reviewable. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir.2002). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. Orellana–Monson v. Holder, 685 F.3d 511, 518 (5th Cir.2012) (internal quotation marks and citation omitted).

To establish eligibility for withholding of removal, a petitioner must show that "it is more likely than not that his life or freedom would be threatened by persecution" based on certain factors, including his membership in a particular social group. Efe, 293 F.3d at 906 (internal quotation marks and citation omitted). With respect to his membership in a group of young businessmen who may have been perceived in society as wealthy entrepreneurs, Rodriguez failed to provide compelling evidence that the group shares "a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." Mwembie v. Gonzales, 443 F.3d 405, 415 (5th Cir.2006) (internal quotations and citation omitted). Additionally, this court has consistently determined that wealthy family members and businessmen subject to economic extortion by criminals do not constitute a protected group under immigration law. See Castillo–Enriquez v. Holder, 690 F.3d 667, 668 (5th Cir.2012). The substantial evidence in the record supports the BIA's determination that Rodriguez was not entitled to withholding of removal based on his membership in a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

particular social group. *See Orellana–Monson,* 685 F.3d at 518.

Additionally, Rodriguez asserts that the BIA erred in determining that he was not entitled to protection under CAT because he will be subject to continued threats if he returns to Peru and it is more likely than not that he will be tortured. Rodriguez's testimony that he received telephone threats from unknown individuals while he was living in Peru does not reflect that he was subject to any severe physical or mental pain that was intentionally inflicted with the acquiescence of a public official. He acknowledged that he has never been physically harmed or detained or incarcerated by any government officers. Rodriguez admitted that he made no attempt to relocate, and he did not provide any evidence that there are mass violations of human rights in Peru.

The substantial evidence in the record supports the BIA's determination that Rodriguez did not suffer any torture while living in Peru and that he has not shown that it is more likely than not that he will be tortured if he returns to Peru. *See Orellana–Monson,* 685 F.3d at 518.

The petition is DISMISSED in part for lack of jurisdiction and DENIED in part on the merits.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.